This Court gave no other opinion in this case than is expressed in the following decree.
“ It is the opinion of the court, .that G. Skillern, by acquiring to himself the legal estate to 1050 acres of land, the equitable right to which he had transferred to John May, on the 6th of March 1785 (and having never conveyed or offered to convey the said lands to May, or to his legal representatives), and it appearing, that at the time of the decrees rendered in these causes, certain parts of the said entries to which Skillern had thus acquired the legal title, and which constituted a part of the consideration of the bond on which the judgment at law was entered, had been lost, in consequence of the neglect of Skillern to pay the taxes due thereon, the complainants below in the original suit were not entitled to the aid of a court of equity to enforce *the execution of the obligation of the 9th of October 1787, or to obtain satisfaction of the judgment at law founded thereon.
“ It is, therefore, decreed and ordered, that the decree of the district court rendered in the original cause be reversed and annulled, with costs; and this court doth remand the same to the said district court for further proceedings to be had therein, in order that an equal and just partition of the 2500 acres of land mentioned in the said assignment of the 6th of March 1785, be made between the legal representatives of the said George Skillern and the said John May.
“And as to so much of the decree in the cross-suit as enjoins $4416.66, part of the judgment at law, this court, doth affirm the same; and as to the residue of the said decree, it is decreed and ordered, that the same be reversed and annulled, with costs; and this court, proceeding to give such decree in the said cross-suit as the said district court ought to have given, it is further decreed and ordered, that the judgment at common law mentioned in the said bill be perpetually enjoined.”[1]

 For a further decision in this ease, see 6 Cr. 267.